UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RONALD BARTON, JR.,

                    Petitioner,

        v.

MELISSA ANDREWJESKI, et al.,

                    Respondents.

Case No. C23-1176-RJB-SKV

ORDER TO SHOW CAUSE

        Petitioner, proceeding pro se and *in forma pauperis*, submitted a 28 U.S.C. § 2254 habeas corpus petition and a motion to stay and abey.  Dkts. 12 & 13-5.  He seeks to raise constitutional challenges to his conviction and sentence entered in Pacific County Superior Court on March 11, 2022, as well an order to "'stay and abey'" that will allow him to exhaust his state court remedies.  Dkts. 12 & 13-5; https://odysseyportal.courts.wa.gov.  Now, having conducted a preliminary review of the petition and motion, the Court herein directs Petitioner to show cause as discussed below.

        "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State."  28 U.S.C. § 2254(b)(1)(A).  The

ORDER TO SHOW CAUSE - 1

exhaustion requirement "is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts," and, therefore, requires "state prisoners [to] give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A complete round of the state's established review process includes presentation of a petitioner's claims to the state's highest court. *James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1994). "In turn, the state's highest court must have disposed of each claim on the merits." *Id*.

In addition, pursuant to 28 U.S.C. § 2244(d)(1), a one-year statute of limitations applies to § 2254 habeas actions. That period of limitation typically commences from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" § 2244(d)(1)(A). In Washington, a notice of appeal must be filed within thirty days after the entry of the decision of the trial court. Wash. RAP 5.2(a). The end of that thirty-day period marks the expiration of the time for seeking review pursuant to § 2244(d)(1)(A). Also, the one-year limitations period for filing a § 2254 action is tolled for any "properly filed" collateral state challenge to the pertinent judgment or claim. § 2244(d)(2).

In this case, Petitioner seeks to challenge his March 11, 2022 conviction in *Washington v. Barton, Jr.*, Pacific County Superior Court Case Number 21-1-00105-25. *See* Dkt. 12 at 1; https://odysseyportal.courts.wa.gov. Petitioner filed a direct appeal of his conviction on March 11, 2022. https://odysseyportal.courts.wa.gov; https://dw.courts.wa.gov/ (showing a direct appeal filed in Division II of the Washington Court of Appeals on March 11, 2022 under Case No. 567610). After the Washington Court of Appeals issued a decision on the merits, Petitioner sought review by the Washington Supreme Court. Dkt. 12-2 at 4; https://dw.courts.wa.gov/

1   (showing a petition for review filed in the Washington Supreme Court on July 12, 2023 under

2   Case No. 1021763).  Petitioner's petition for review is still pending in front of the Washington

3   Supreme Court.  https://dw.courts.wa.gov/ (Case No. 1021763) (last checked October 12, 2023).

4   Additionally, Petitioner filed a personal restraint petition in the Washington Court of Appeals on

5   May 23, 2023.  https://dw.courts.wa.gov/ (showing a personal restraint petition filed in Division

6   II of the Washington Court of Appeals on May 23, 2023 under Case No. 582457).  The personal

7   restraint proceedings remain ongoing.  https://dw.courts.wa.gov/ (Case No. 582457) (last

8   checked October 12, 2023).

9          Because Petitioner's direct appeal is still pending, his conviction is not yet final, and his

10   one-year statute of limitations to pursue his habeas action has not yet started running.  It is also

11   clear from the face of the petition that Petitioner has yet to exhaust his state court remedies.

12   Petitioner has therefore yet to present any cognizable ground for federal habeas relief.

13          In the motion submitted with his habeas petition, Petitioner states that the "petition

14   asserts concerns about whether [he] would be able to exhaust all of the claims presented to the

15   state courts within [the] one year statute of limitations to file a federal habeas corpus petition,"

16   Dkt. 13-5 at 4, and argues the Court should grant his motion to "stay and abey[]" while his

17   unexhausted claims are presented in state court, *id.* at 5.  However, as indicated, the one-year

18   statute of limitations has not yet started to run, and it nonetheless remains that Petitioner may

19   only pursue habeas relief after properly exhausting his federal constitutional claims in state court.

20   It thus appears that  Petitioner's habeas petition is premature and should be dismissed without

21   prejudice to re-filing once all state court post-conviction challenges to his conviction have been

22   completed.  *See* 28 U.S.C. § 2254(b)-(c); *Rose*, 455 U.S. at 522 (holding every claim raised in

23   federal habeas petition must be exhausted).

In light of the above, Petitioner is hereby ORDERED to show cause, on or before **November 12, 2023**, why his petition should not be dismissed without prejudice for failure to exhaust.  Should Petitioner fail to demonstrate he has fully exhausted his grounds for relief or fail to respond to this Order, the Court will enter a Report and Recommendation recommending that the petition be dismissed without prejudice to returning to federal court later with his fully exhausted petition.  The Clerk is directed to send copies of this Order to Petitioner and to the Honorable Robert J. Bryan.

Dated this 13th day of October, 2023.

S. KATE VAUGHAN
United States Magistrate Judge

ORDER TO SHOW CAUSE - 4