UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RONALD BARTON, JR.,

        Petitioner,

v.

MELISSA ANDREWJESKI, et al.,

        Respondents.

Case No. C23-1176-RJB-SKV

REPORT AND RECOMMENDATION

INTRODUCTION AND SUMMARY CONCLUSION

Petitioner, proceeding pro se and *in forma pauperis*, submitted a 28 U.S.C. § 2254 habeas corpus petition and a motion to stay and abey.[1]  Dkts. 12 & 13-5.  He seeks to raise constitutional challenges to his conviction and sentence entered in Pacific County Superior Court on March 11, 2022, as well an order to "'stay and abey'" that will allow him to exhaust his state court remedies.  Dkts. 12 & 13-5; https://odysseyportal.courts.wa.gov.  On October 13, 2023, after conducting a preliminary review of the petition and motion, the Court directed Petitioner to show cause why his petition should not be dismissed without prejudice for failure to exhaust.  Dkt. 14.

---

[1] In conjunction with his motion to stay and abey, Petitioner also submitted numerous other motions seeking various relief, including (for example) a motion to appoint counsel, a motion for an evidentiary hearing, and a motion to reserve the right to supplement his habeas petition.  *See* Dkt. 13.

REPORT AND RECOMMENDATION - 1

1  Petitioner timely responded to the Court's show cause order, but failed to demonstrate he has
2  fully exhausted his grounds for relief. *See* Dkt. 15. The Court therefore recommends that the
3  petition be dismissed without prejudice to Petitioner returning to federal court later with his fully
4  exhausted petition.

5        "An application for a writ of habeas corpus on behalf of a person in custody pursuant to
6  the judgment of a State court shall not be granted unless it appears that . . . the applicant has
7  exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). The
8  exhaustion requirement "is designed to give the state courts a full and fair opportunity to resolve
9  federal constitutional claims before those claims are presented to the federal courts," and,
10  therefore, requires "state prisoners [to] give the state courts one full opportunity to resolve any
11  constitutional issues by invoking one complete round of the State's established appellate review
12  process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A complete round of the state's
13  established review process includes presentation of a petitioner's claims to the state's highest
14  court. *James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1994). "In turn, the state's highest court must
15  have disposed of each claim on the merits." *Id*.

16        In addition, pursuant to 28 U.S.C. § 2244(d)(1), a one-year statute of limitations applies
17  to § 2254 habeas actions. That period of limitation typically commences from "the date on
18  which the judgment became final by the conclusion of direct review or the expiration of the time
19  for seeking such review[.]" § 2244(d)(1)(A). In Washington, a notice of appeal must be filed
20  within thirty days after the entry of the decision of the trial court. Wash. RAP 5.2(a). The end of
21  that thirty-day period marks the expiration of the time for seeking review pursuant to
22  § 2244(d)(1)(A). Also, the one-year limitations period for filing a § 2254 action is tolled for any
23  "properly filed" collateral state challenge to the pertinent judgment or claim. § 2244(d)(2).

REPORT AND RECOMMENDATION - 2

In this case, Petitioner seeks to challenge his March 11, 2022 conviction in *Washington v. Barton, Jr.*, Pacific County Superior Court Case Number 21-1-00105-25. *See* Dkt. 12 at 1; https://odysseyportal.courts.wa.gov. Petitioner filed a direct appeal of his conviction on March 11, 2022. https://odysseyportal.courts.wa.gov; https://dw.courts.wa.gov/ (showing a direct appeal filed in Division II of the Washington Court of Appeals on March 11, 2022 under Case No. 567610). After the Washington Court of Appeals issued a decision on the merits, Petitioner sought review by the Washington Supreme Court. Dkt. 12-2 at 4; https://dw.courts.wa.gov/ (showing a petition for review filed in the Washington Supreme Court on July 12, 2023 under Case No. 1021763). Petitioner's petition for review is still pending in front of the Washington Supreme Court. https://dw.courts.wa.gov/ (Case No. 1021763) (last checked November 8, 2023). Additionally, Petitioner filed a personal restraint petition in the Washington Court of Appeals on May 23, 2023. https://dw.courts.wa.gov/ (showing a personal restraint petition filed in Division II of the Washington Court of Appeals on May 23, 2023 under Case No. 582457). The personal restraint proceedings remain ongoing. https://dw.courts.wa.gov/ (Case No. 582457) (last checked November 8, 2023).

Because Petitioner's direct appeal is still pending, his conviction is not yet final, and the one-year statute of limitations to pursue his habeas action has not yet started running. It is also clear from the face of the petition and Petitioner's response to the order to show cause, Dkt. 15, that Petitioner has yet to exhaust his state court remedies. Petitioner has therefore yet to present any cognizable ground for federal habeas relief.

In the motion to stay and abey submitted with his habeas petition, Petitioner states that the "petition asserts concerns about whether [he] would be able to exhaust all of the claims presented to the state courts within [the] one year statute of limitations to file a federal habeas

REPORT AND RECOMMENDATION - 3

corpus petition," Dkt. 13-5 at 4, and argues the Court should grant his motion to "stay and abey[]" while his unexhausted claims are presented in state court, *id.* at 5.  *See also* Dkt. 15 at 3 (asserting "a clear case of hardship and inequity in being required to go forward as the petitioner's claims are in multiple courts . . . ."). However, as indicated, the one-year statute of limitations has not yet started to run, and it nonetheless remains that Petitioner may only pursue habeas relief after properly exhausting his federal constitutional claims in state court.

Moreover, because Petitioner has yet to exhaust his state court remedies in relation to any claim, he does not present a "mixed" habeas petition, containing both exhausted and unexhausted claims.  *Rose v. Lundy*, 455 U.S. 509, 522 (1982).  Petitioner therefore does not possess the option to stay and abey his petition in the manner contemplated by *Rhines v. Weber*, 544 U.S. 269, 274–79 (2005).  *See id.* (the court may stay a mixed petition to allow the petitioner to present unexhausted claims to the state court and then return to federal court for review of the perfected petition).  Instead, it appears that Petitioner's habeas petition is premature and should be dismissed without prejudice to re-filing once all state court post-conviction challenges to his conviction have been completed.  *See* 28 U.S.C. § 2254(b)–(c); *Rose*, 455 U.S. at 522 (holding every claim raised in federal habeas petition must be exhausted).

In light of the above, the Court recommends that the petition be dismissed without prejudice to Petitioner returning to federal court later with his fully exhausted petition.  In accordance with this recommendation, the Court also DENIES Petitioner's motion to stay and abey, Dkt. 13-4, as well as all additional motions filed by Petitioner, *see generally* Dkt. 13.

A proposed Order accompanies this Report and Recommendation.

/ / /

/ / /

REPORT AND RECOMMENDATION - 4

## OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **December 1, 2023**.

Dated this 8th day of November, 2023.

                                                                                     *S. Kate Vaughan*
                                                                                     S. KATE VAUGHAN
                                                                                     United States Magistrate Judge

REPORT AND RECOMMENDATION - 5